The opinion of the court was delivered by
Marr, J.
This is an hypothecary action, by which plaintiff seeks to *396 enforce against the Citizens’ Bank, third possessor, the judicial mortgage resulting from the recording of the judgment which she obtained on the 25th March, signed on the 29th March, 1867, in the Third District Court of New Orleans, against Stephen O. Nelson.
The Bank acquired the property against which plaintiff proceeds by sale made on the 18th July, 1868, by the assignee of Nelson, bankrupt, by order of the court in bankruptcy; which sale was afterwards confirmed by the court.
• The hypothecary action is prescribed by the lapse of ten years from, the date at which it accrued. This action accrued against the Bank, if it ever existed, at the date of the acquisition of the property by the Bank. R. C. C. 3528, 3529; Lanusse vs. Minturn, 11 La. 259, 260.
In Chapman vs. Nelson and others, just decided, we reversed the .judgment of the Fourth District Court in the suit to revive the judgment set up and relied upon in this case; and that judgment not having been revived in the manner provided by law, before the lapse of ten years from the time it was rendered, is now prescribed, and was prescribed on the 30th March, 1877. Act of 1853, R. C. C. art. 3547.
This hypothecary action was brought on the 16th March, 1877, in the same court, on the same day on which the suit to revive the judgment was brought; and in the petition it is alleged that the judgment was duly revived by the citation. This is a mistake in point of fact; the j udgment has not been revived.
The mortgage, whether conventional or judicial, is but an accessory right, which can not exist without the principal right or obligation which it secures ; and it is elementary in our law that the mortgage falls with the principal obligation to which it is accessory. R. C. C. 3285 ; Calderwood vs. Jacobs, 4 An. 509 ; Le Beau vs. Glaze, 8 An., and authorities cited p. 477; Troplong Prescription, 2, No. 659; Troplong, Hypothèques, 4, 878 bis.
The accessory, the judicial 'mortgage, was not prescribed, and the hypothecary action was not prescribed, at the time this suit was brought; but the judgment, on which alone the hypothecary rights of plaintiff depended, was rapidly approaching its extinction ; and it perished at the end of the ten years from the 29th March, 1867, the date at which it was signed and became final. Citation in a suit to revive the judgment would not have interrupted the prescription of the hypothecary action; nor did the citation in the hypothecary action interrupt the .prescription of the judgment.
“L’interruption do la prescription de l’hypothéque n’interrompt pas la prescription de 1’action personelle.” Troplong, Hypothèques, 4, 878 bis.
“Lorsque l’immeuble hypotbéqué est passe dans les mains d’un *397 tiers détenteur, les actes ¿¡’interruption de l’action personelle contre le debiteur n’interrompent pas la prescription a l’égard du tiers détenteur; réciproquement, Tinterruption de Taction hypothecate n’interrompt pas la prescription de Taction principale.” Troplong, Prèscription, 2, No. 659.
When the judgment was prescribed the judicial mortgage ceased to exist; and by the peremption of the judgment and the judicial mortgage the hypothecary action was extinguished.
“Si la préseription a éteint Tobligation personelle et Taction qui en déroule, l’aotnn hypothécaire sera éteinte par contre-coup. L’hypothéque étant l’accessoire de Tobligation personelle, doit nécessairement tomber avee celle-ci. * * * * n faudrait se teñir &, cette décision, quand méme Ton aurait conservó par des actes interruptifs Taction hypothócaire.” Troplong, Hypothequos, 4, 878 bis.
An ordinary action will not be affected by the lapse of time while it is pending; but if, during the pendency of the suit, the right asserted and sought to be enforced should bo extinguished, the action could no longer be maintained.
We do not think it necessary to consider the other questions raised in this case, and discussed with so much earnestness and research by the learned counsel, because the right of action no longer exists.
The judgment of the district court was in favor of plaintiff; and it is erroneous.
It is therefore ordered, adjudged, and decreed that the judgment of the district court appealed from be annulled, avoided, and reversed ; that the petition and demand of plaintiff be rejected and dismissed; and that plaintiff, appellee, pay the costs in this court and in the district, court.